UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| RICK DAVIS, et ux., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 2: 25-117-DCR |
| ) | |
| V. ) | |
| ) | |
| SCHINDLER ELEVATOR ) | **MEMORANDUM OPINION** |
| CORPORATION, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiffs Rick and Kelly Davis have moved to remand this matter back to Boone Circuit Court. [Record No. 7] However, Defendant Schindler Elevator Corporation ("Schindler") contends that the removal was proper under 28 U.S.C. §§ 1332(a)(1) and 1441(b). [Record No. 9] The motion to remand will be denied, because the plaintiffs' denial of the request for admission provides competent proof that the amount in controversy is more than $75,000, exclusive of interest and costs.

**I. Background**

The Davises filed suit against Defendants Schindler and John Does, for injuries sustained when an elevator in which Rick Davis was riding at the Greater Cincinnati Northern Kentucky Airport, "without warning, accelerated and then abruptly stopped," causing him "to be abruptly jerked back and forth." [Record No. 1-2 at 5] Schindler removed the matter to this Court under 28 U.S.C. §§ 1332(a)(1) and 1441(b). [Record No. 1]

The Davises subsequently tendered a motion to remand the matter back to the Boone Circuit Court. [Record No. 7] They assert that Schindler has not established that the

- 1 -

jurisdictional minimum has been met to invoke this Court's diversity jurisdiction, and that the John Does' citizenship will likely destroy diversity. *Id.* Schindler counters that the amount in controversy requirement is met based on the plaintiffs' denial of its request for admission that they would not seek more than $75,000.00, exclusive of interest and costs. [Record No. 9] It further argues that the citizenship of John Does are not to be considered for diversity purposes. *Id.*

## II. Legal Standard

A defendant may remove a case to federal court if the court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). When only state-law causes of action are alleged, federal district courts have original jurisdiction over a case if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). When a plaintiff moves to remand the action to state court, the defendant bears the burden of proving by a preponderance of evidence that the requirements for diversity of citizenship jurisdiction are met. *Williams v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007); *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019). Courts assess jurisdiction at the time of removal. *Id.*

## III. Analysis

The parties agree that Defendant Schindler is a citizen of Delaware and New Jersey, and the plaintiffs are citizens of Kentucky. And the plaintiffs are mistaken in arguing that the John Does' assumed citizenship should be considered at this juncture. A Court determines diversity at the time of removal, and the assumed citizenship of unidentified parties may be disregarded under 28 U.S.C. § 1441(a). *See also Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994). Thus, diversity of citizenship of the parties is not at issue. Instead,

the dispute centers on whether the plaintiffs' damages exceed $75,000.00, exclusive of interest and costs.

The Davises argue that the "Complaint does not specify damages exceeding $75,000, exclusive of interests and costs." [Record No. 7 at 3] They further argue that Rick Davis has "no lost wages [and] is still working as he did before the accident and has no current restrictions" and that any contrary assertion by the defendant is "speculative and insufficient to satisfy its burden." *Id.* They assert that Schindler is attempting to use their unwillingness to stipulate that their damages exceed $75,000.00, exclusive of interest and costs, as a basis for removal when they merely acknowledge that Rick Davis's condition may change and the value of their claim may increase. *Id.* at 7.

Schindler notes that the plaintiffs' Complaint alleges serious back and spinal injuries and damages, "including but not limited to past and future medical expenses, lost wages, loss of earning capacity, past and future loss of consortium, past and future loss of enjoyment of life, and punitive damages." [Record No. 9] With that in mind, Schindler requested that the Davises admit that they would not seek damages in excess of $75,000.00, exclusive of interest and costs. [*See* Record No. 5.] But the plaintiffs denied the request. *Id.*

Schindler further argues that the Davises, in an attempt to sidestep federal jurisdiction, "blatantly contradict the very damages they previously claimed in their Complaint." *Id.* at 3. Specifically, it claims that the Complaint claimed damages for wage loss and impaired future earning capacity but the motion to remand suggests otherwise. *Id.* Schindler questions the veracity of the claim that Rick Davis has "no lost wages [and] is still working as he did before the accident" because the plaintiffs' initial disclosures, served *after* the motion to remand,

- 3 -

provide that Rick Davis has incurred damages for wage loss and impaired future earning capacity. *Id.*

In *Powell v. Wal-Mart Stores, Inc.*, the court concluded that remand was not warranted because the denial of a request for admission provided "competent proof" that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. No. 14-155-HRW, 2015 U.S. Dist. LEXIS 56513 (E.D. Ky. April 30, 2015). Here, the Complaint did not specify the amount in controversy and the plaintiffs refused to stipulate to damages less than $75,000. [Record No. 5] Further, the Complaint alleges serious back and spinal injuries and damages such as past and future medical expenses, lost wages, loss of earning capacity, past and future loss of consortium, past and future loss of enjoyment of life, and punitive damages. In short, Schindler has met its burden by a preponderance of evidence that the requirements for diversity of citizenship jurisdiction are met. *Williams*, 481 F.3d at 375.

Finally, the plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c). [Record No. 7] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If a reasonable basis for removal exists, then the Court should deny the request for attorney's fees. *Id.*; *Walker v. Ky. Hosp., LLC*, No. 5:14-421-KKC, 2015 U.S. Dist. LEXIS 13309, at *8 (E.D. Ky. Feb. 3, 2015). Here, as discussed above, a reasonable basis exists for removal.

### IV. Conclusion

Being sufficiently advised, it is hereby

**ORDERED** that the plaintiffs' motion to remand and for attorney's fees [Record No. 7] is **DENIED**.

Dated: September 22, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky